**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STANLEY GOLABOFF,
      Appellant,

    v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
DA-3443-19-0422-I-1

DATE: February 9, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Stanley Golaboff</u>, Harker Heights, Texas, pro se.

<u>Megan Grube</u> and <u>Daniel Murphy</u>, Esquire, Austin, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant reasserts his argument that his detail in June 2019 from his Human Resource Officer position to a position with the agency's United States Property and Fiscal Office (USPFO) constituted an appealable reduction-in-force (RIF) action. Petition for Review (PFR) File, Tab 1 at 4-6; Initial Appeal File (IAF), Tab 1 at 5, Tab 10 at 7, 11, Tab 12 at 7-9. For the first time on review, the appellant argues that the agency effectively subjected him to an appealable RIF action in August 2019 when it underwent a reorganization under the Texas Military Department (TMD) "NEXT" operation.[2] PFR File, Tab 1 at 4. After considering the appellant's arguments and submission of evidence on review, we discern no basis to disturb the administrative judge's finding that the appellant has failed to allege any facts that, if proven, would show that he suffered an appealable RIF action.[3] IAF, Tab 14, Initial Decision

---

[2] Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). However, the issue of Board jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Edwards v. Department of State*, 98 M.S.P.R. 481, ¶ 4 (2005).

[3] To support his argument that his June 2019 detail constituted a RIF, the appellant has resubmitted an agency-wide email dated May 31, 2019, that announced his assignment to a position with the USPFO. PFR File, Tab 1 at 7; IAF, Tab 10 at 16. He has also provided a copy of a TMD "Next" Brief that postdates the close of the record before the administrative judge. PFR File, Tab 1 at 9 14; IAF, Tab 9 at 2. Because the appellant

(ID) at 5; *Adams v. Department of Defense*, 96 M.S.P.R. 325, ¶¶ 8-9 (2004) (stating that, to establish jurisdiction over an appealable RIF action, an appellant must show that he was furloughed for more than 30 days, separated, or demoted by a RIF action); 5 C.F.R. § 351.901.

In addition, the appellant reasserts his arguments that the agency violated the RIF procedures set forth at 5 C.F.R. part 351, the regulations of the Office of Personnel Management regarding reassignments, his due process rights, the merit system principles, and the agency's Merit Placement Plan. PFR File, Tab 1 at 5-6; IAF, Tab 1 at 5, Tab 10 at 7, 9-12, Tab 12 at 8-9. We need not address the appellant's arguments regarding the merits of his appeal because they are not relevant to the threshold issue of jurisdiction. *See Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 11 (2015) (declining to reach the appellant's claims regarding due process, harmful procedural error, and prohibited personnel practices because they were not relevant to the jurisdictional issue). Nor do we address the appellant's claim that the agency violated merit system principles because we lack jurisdiction to do so. *Solamon v. Department of Commerce*, 119 M.S.P.R. 1, ¶ 14 (2012) (finding that, in the absence of an otherwise appealable action, the Board lacked jurisdiction to review the appellant's claim that the agency violated merit system principles).

Accordingly, we affirm the initial decision dismissing the appeal for lack of jurisdiction without holding the requested hearing. PFR File, Tab 1 at 6; ID at 1 & n.1, 5-6.

---

has not shown that this evidence is new and material, it does not provide a basis for review. *See* 5 C.F.R. § 1201.115(d) (stating that the Board may grant a petition for review when new and material evidence is available that, despite the petitioner's due diligence, was not available when the record closed); *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (concluding that, to satisfy the "new and material evidence" criterion for granting a petition for review, any new evidence must be of sufficient weight to warrant an outcome different from that of the initial decision).

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.